[No. C068756. Third Dist. Feb. 28, 2013.]

RICK GORE, Plaintiff and Respondent, v.
JEFF REISIG, as District Attorney, etc., Defendants and Appellants.

**COUNSEL**

Robyn Truitt Drivon, County Counsel, and Daniel C. Cederborg, Assistant County Counsel, for Defendants and Appellants.

Jones & Mayer, Martin J. Mayer and Richard A. McFarlane for California State Sheriffs' Association, California Police Chiefs Association, California District Attorneys Association and California Peace Officers' Association as Amici Curiae on behalf of Defendants and Appellants.

No appearance for Plaintiff and Respondent.

## OPINION

**BLEASE, Acting P. J.**—Yolo County District Attorney Jeff Reisig and the Yolo County District Attorney's Office appeal the order of the trial court issuing a peremptory writ of mandate directing them to afford respondent Rick Gore a hearing to determine if there is good cause to deny issuing Gore an identification certificate authorizing him to carry a concealed and loaded firearm. An amici curiae brief has been filed in support of the appeal by the California State Sheriffs' Association, California Police Chiefs Association, California District Attorneys Association, and the California Peace Officers' Association. Respondent Gore has not filed a respondent's brief.

The resolution of the case depends on whether Gore is an "honorably retired peace officer" pursuant to former section 12027 of the Penal Code.[1] If he is not, he has no right to a CCW (carry concealed weapons) identification certificate.

Gore was employed by the Yolo County District Attorney's Office as an investigator. Gore resigned from the district attorney's office in 2009 pursuant to a settlement agreement. The settlement agreement was entered into following Gore's appeal of the district attorney's decision to terminate him for off-duty misconduct and insubordination. The next year, Gore began collecting his retirement from the California Public Employees' Retirement System (CalPERS).

We shall conclude that a person is not "honorably retired" as defined by former section 12027 unless the person has honorably retired from active duty as a peace officer. We shall reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Gore began working as an investigator in the district attorney's office in 1997. As an investigator, Gore was a peace officer within the meaning of section 830.1 and was authorized to carry a firearm. In 2008, Gore disseminated a letter containing false accusations concerning the Yolo County District Attorney's Office and several individuals, including the district attorney. The letter made its way onto Internet blog Web sites and into the newspapers, resulting in substantial harm to the reputation of the district attorney's office.

Yolo County hired an independent attorney to investigate the allegations Gore made in his letter, and the district attorney tasked officers to conduct an

---

[1] Further section references are to the Penal Code unless otherwise indicated.

Sections 12027 and 12027.1 were repealed in 2010, after the events here occurred. The operative provisions are now found in sections 25450 and 25455.

administrative investigation within the district attorney's office. The investigations concluded that Gore had violated several county office policies, primarily substantial off-duty misconduct reasonably and directly related to the employee's public duties, and insubordination. Based on the investigatory findings, the district attorney terminated Gore in December 2008.

Gore appealed his termination, and an arbitration was held before an independent arbitrator. The arbitrator found that the charges of unethical conduct Gore made against the district attorney and others in the district attorney's office were unfounded, and that Gore knew or should have known they were unfounded. The arbitrator affirmed that Gore had violated county and office policies by making public false accusations. However, the arbitrator reduced the discipline to a long suspension, ordering Gore's reinstatement on the condition Gore retract publicly and in writing the false accusations he had made.

Gore and the district attorney's office entered into a settlement that reduced the disciplinary suspension in exchange for Gore's signature retracting his untrue allegations, and his immediate resignation.

In May 2010, Gore began collecting his retirement from CalPERS. Gore made a request for a CCW identification certificate, but the district attorney's office denied the request.

As is relevant, former section 12027 provided:

"Section 12025 [making it a crime to carry a concealed firearm] does not apply to, or affect, any of the following:

"(a)(1)(A) Any peace officer . . . whether active or honorably retired . . . . Any peace officer described in this paragraph who has been honorably retired shall be issued an identification certificate by the law enforcement agency from which the officer has retired. . . . As used in this section . . . the term 'honorably retired' includes all peace officers who have qualified for, and have accepted, a service or disability retirement. For purposes of this section . . . the term 'honorably retired' does not include an officer who has agreed to a service retirement in lieu of termination." (Former § 12027.)

Former section 12027.1 provided that the identification certificate could be revoked or denied by the issuing agency, but only upon a showing of good cause determined at a hearing. (Former § 12027.1, subd. (b)(1).)

The Yolo County DA's Office denied Gore's request for an identification certificate. Gore requested a hearing, which was denied. Gore's petition for writ of mandate followed.

The trial court found that Gore resigned from the Yolo County District Attorney's Office as part of a disciplinary matter prior to reaching his eligible retirement age, and that Gore did not fall within the only listed statutory exclusion for the definition of "honorably retired," i.e., a peace officer who has agreed to a service retirement in lieu of termination. The trial court found Gore was entitled to a hearing, and issued the peremptory writ of mandate directing appellants to afford Gore a hearing to determine if there is good cause to deny issuing him an identification certificate authorizing him to carry a concealed and loaded firearm.

## DISCUSSION

Appellants' argument is twofold. First, they argue Gore is not a retired peace officer within the meaning of the statute, and second, that he was not honorably retired. We need not resolve whether Gore's status was honorable, because we shall conclude he was not a retired peace officer under the statute, since he did not retire from active duty when he left the Yolo County District Attorney's Office.

Appellants argue Gore did not qualify as a retired peace officer because he resigned his position and later began drawing his CalPERS pension. They argue former sections 12027 and 12027.1 apply only to persons who are actively serving as peace officers at the time of their retirement. In support of their interpretation, appellants point to the language of former section 12027, to an opinion of the Attorney General, and to the illogic of any other interpretation. We agree with appellants.

Former section 12027 provided that the identification certificate was to be issued "by the law enforcement agency from which the officer has retired." (Former § 12027, subd. (a)(1)(A).) Appellants argue the Yolo County District Attorney's Office is not a law enforcement agency from which Gore retired because he resigned from the office, rather than retiring from the office. Amici curiae point out that there is a difference between being a former peace officer and later qualifying for a pension, and being a peace officer who has qualified for and accepted a service retirement.

In 1995, the Attorney General issued an opinion addressing whether a person who had served for 10 years as a district attorney investigator, then as a deputy district attorney, i.e., not a peace officer, until retirement could be issued an identification certificate. (78 Ops.Cal.Atty.Gen. 192 (1995).) That opinion concluded:

"[T]he individual in question is not, in the plain language of the statute, a peace officer who has been honorably retired, because the person was not at the time of retirement a peace officer at all. Nothing in the statutory language

suggests that the exemption applies to any person who is or ever was a peace officer. Indeed, the statute was recently amended to define the term 'honorably retired' as 'all peace officers who have qualified for, and have accepted, a service or disability retirement.' (Stats. 1993, ch. 224, § 1.) Clearly the individual under consideration was never a peace officer who qualified for and accepted retirement. *On the contrary, in his position as a peace officer, the election was not to retire,* but rather to continue in a non-peace officer position. . . .

". . . The length of service as a peace officer is immaterial under the statutory language, as is the fact that the peace officer may have been eligible for retirement at the time of the transfer to the non-peace officer position.

"Further, if sections 12027 and 12031 did provide an exemption for an individual who was at any time prior to retirement a peace officer, the nature of the agency from which the person retired, i.e., whether a law enforcement agency or otherwise, would not be significant. On the contrary, the words 'law enforcement' were specifically added as a description of the agency from which the retirement is sought." (78 Ops.Cal.Atty.Gen., *supra,* at p. 195, italics added.)

█ Here, as in the case examined by the Attorney General, the employee was not at the time of retirement a peace officer at all. Similarly, in Gore's position as a peace officer, his election was not to retire, but to resign. We conclude that a person must enter retirement from active service as a peace officer to be considered a peace officer who is honorably retired, and the interpretation the Attorney General has given the statute is consistent with this conclusion.

Finally, appellants argue that under the narrow interpretation of the trial court, a person could resign in lieu of discipline or even be terminated as the result of discipline, and be considered "honorably retired" when upon reaching retirement age he or she begins collecting pension benefits. Also, an officer working the minimum number of years for pension benefits to vest could quit, then demand an identification certificate perhaps decades later regardless of how he or she spent the intervening years.

The trial court appropriately followed the rule of statutory construction that exceptions to the general provisions are to be narrowly construed. (*Haas v. Meisner* (2002) 103 Cal.App.4th 580, 586 [126 Cal.Rptr.2d 843].) However, in this case Gore is not an exception to the general rule, but does not fit into the general rule at all. The Legislature defined "honorably retired" as "all peace officers who have qualified for, and have accepted, a service or disability retirement." (Former § 12027, subd. (a)(1)(A).) Gore was not a

peace officer when he began collecting retirement. When he was a peace officer, he did not accept a service retirement, but instead resigned.

■ We agree with appellants that the focus of the term "honorably retired" is the nature of the separation between the employer and the employee, not the age of the former employee. At the point in time that an employee leaves employment, he or she falls into one of three categories—a resigned employee, a terminated employee, or a retired employee. These categories describe the manner in which the employment ended. The only persons entitled under the statute to carry a concealed and loaded weapon are retired employees, i.e., those employees who are no longer employed because they reached retirement age working as peace officers, and accepted retirement upon leaving employment. In other words, someone who quits or is fired before retirement age is not an honorably retired peace officer, even when he or she later reaches retirement age and is entitled to collect a pension.

## DISPOSITION

The judgment is reversed. Appellants shall recover their costs on appeal.

Robie, J., and Butz, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 12, 2013, S209840.